SO ORDERED: May 14, 2013.



Robyn L. Moberly
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| JACK ALVIN REED, JR. | ) | CASE NO. 12-5542-RLM-13 |
| | ) | |
| Debtor | ) | |

**ORDER DIRECTING DISMISSAL OF CHAPTER 13 CASE WITHIN 30 DAYS ABSENT REQUEST TO CONVERT CASE**

Both the chapter 13 trustee and the Debtor's former spouse have moved by separate motions to dismiss this chapter 13 case on the basis that the Debtor owes debts that exceed the allowable amounts provided for under §109(e) of the Bankruptcy Code. Hearing on the matter was held on April 30, 2013. For the reasons stated below the Court grants the motions to dismiss but will not enter a dismissal order for thirty (30) days to allow the Debtor to convert the case to another chapter.

*Background*

The Debtor was an officer and sole shareholder of Integrity Engineering, Inc. ("Integrity"). Huntington Bank ("Huntington") was both the Debtor's and Integrity's lender, and, as of the date he filed his bankruptcy petition, Huntington Bank ("Huntington") held both the first and second mortgages on the Debtor's residence as

1

well as the first and second mortgages on the building in which Integrity's business was located.

On November 3, 2011, Huntington loaned Integrity, as the "Borrower", $400,000 (the "Integrity Loan"), payment of which was personally guaranteed by the Debtor (the "Guaranteed Debt") pursuant to a continuing and unlimited guaranty executed on September 29, 2004 (the "Guaranty"). The Integrity Loan operated like a line of credit and the note between Integrity and Huntington provided that Integrity's failure to make any payments was an event of default, at which point Huntington could declare the entire outstanding principal balance and accrued unpaid interest immediately due. The Guaranty provided under the paragraph entitled "Guarantor's Waivers" that the Debtor waived any right to require Huntington to "make any presentment, protest, demand, or notice of any kind, including notice of any nonpayment of the indebtedness or of any nonpayment related to any collateral, or notice of any action or nonaction on the part of Borrower" or to "resort for payment or to proceed directly or at once against any person, including Borrower...".

The Debtor filed his chapter 13 case on May 10, 2012 (the "Petition Date"). Jeff Ayres, a vice president at Huntington, testified in the April 30th hearing that Integrity's debt was current through March 5, 2012 but that as of the Petition Date, Integrity was in payment default. Huntington, in fact, filed a proof of claim in the Debtor's case in the amount of $410,936.83, signifying that it was the amount owed to it by the Debtor on the date the case was filed. By certified letter dated May 24, 2012, Huntington informed the Debtor of Integrity's default. There was no testimony on any other debt scheduled by the Debtor for §109(e) purposes and the parties agreed that whether the Debtor

exceeds the §109(e) limits depends exclusively on whether the Guaranteed Debt is contingent.

### *Discussion*

Unlike other chapters, a debtor is subject to debt limits to be eligible to be a chapter 13 debtor. Section 109(e) of the Bankruptcy Code provides that only those debtors with "noncontingent, liquidated, unsecured debts of less than $360,475 and noncontingent, liquidated, secured debts of less than $1,081,400" are eligible to be chapter 13 debtors and the operative date for these debt limits is the petition date. The Debtor argues that he was not notified of Integrity's default until May 24th which was after the Petition Date, and that he otherwise would not have had reason to believe Integrity was in payment default because Integrity was still operating as a business and Huntington had automatically renewed the line of credit in the past. The Debtor argues that the earliest the Guaranteed Debt could have become noncontingent is when he received the May 24th letter informing him of Integrity's default, and that was post petition. Thus, the Debtor maintains that, as of the Petition Date, the Guaranteed Debt was still contingent and therefore it should not be included the §109(e) calculation.

A debt is "noncontingent" if the events that give rise to the debtor's liability occur prior to the filing of the bankruptcy petition. *In re Knight*, 55 F.3d 231, 236 (7th Cir. 1995); *In re Jocham*, 2011 WL 2112043 at *1 (Bankr. S. D. Ind., May 26, 2011). The Debtor argues that written notice of Integrity's default was a contingency to be fulfilled before he could be liable for the Guaranteed Debt. The very terms of the Guaranty prove otherwise as the Debtor waived any right to require Huntington to give such notice. The evidence shows that, as of the Petition Date, Integrity had defaulted on its

payment obligations to Huntington.  A payment default was an "event of default" under the Integrity note.  The Debtor had waived its right to require Huntington to provide to the Debtor notice of Integrity's default.  The Guaranteed Debt was noncontingent as of the Petition Date.  See, *In re Saunders*, 440 B.R. 336, 344 (Bankr. E. D. Pa. 2006) (debt of Debtor-guarantor, who waived right to require corporate lender to provide notice of corporation's nonpayment, was noncontingent as of petition date as lender was not required to make formal demand before triggering debtor's direct liability).  The Debtor exceeds the debt limitations set forth in §109(e).  The parties have not challenged the scheduled debt on any other grounds under §109(e).  The Debtor will be given thirty (30) days to file a motion to convert this case to another chapter.  Failure to file such a motion within that time will result in dismissal of this case.

# # #

Distribution:

Mark S. Zuckerberg, Attorney for the Debtor
Jonathan S. Wright, Attorney for Creditor Donna Reed
Harley Means, Attorney for Huntington National Bank
Molly Miller, Attorney for Chapter 13 Trustee Robert A. Brothers